JS - 6

LINK: 5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00064 GAF (DTBx) | Date | February 7, 2012 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Company v. Tomme Simmons II et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**        (In Chambers)

## ORDER REMANDING CASE

### I.  INTRODUCTION & BACKGROUND

On July 8, 2011, Plaintiff Deutsche Bank National Trust Company ("Deutsche Bank") filed an unlawful detainer action against Defendants Tomme Simmons II and Erica M. Simmons in Riverside County Superior Court. (Docket No. 1 Not., Ex. A [Compl.].)  The complaint alleges that Plaintiff purchased Defendants' real property in Riverside, California at a lawful foreclosure sale on June 15, 2011, and that Defendants have refused to quit the premises. (Id. ¶¶ 4–10.)

Defendants removed the action to this Court on January 12, 2012, invoking federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Not. at 2.)  On January 27 Deutsche Bank filed a motion remand to the case back to Riverside County Superior Court and requested attorneys' fees pursuant to 28 U.S.C. § 1447(c). (Docket No. 5.)  Defendants did not timely file an opposition to the motion. On that basis alone, the Court could grant the motion. See C.D. Cal. R. 7-12 ("The failure to file any required paper . . . may be deemed consent to the granting or denial of the motion.").  However, in the interest of creating a complete record, the Court will address the merits of Plaintiff's motion.

Because the Court concludes that the lawsuit does not arise under federal law, it **GRANTS** Plaintiff's motion and **REMANDS** the case for lack of subject matter jurisdiction.

JS - 6

LINK: 5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00064 GAF (DTBx) | Date | February 7, 2012 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Company v. Tomme Simmons II et al. | | |

The Court **DENIES** Plaintiff's request for attorneys' fees.

## II. DISCUSSION

### A. LEGAL STANDARD GOVERNING REMOVAL

Defendants may remove any action filed in state court over which federal district courts have original jurisdiction. See 28 U.S.C. § 1441(a). Generally speaking, a party may bring a case within the jurisdiction of the federal courts by demonstrating the existence of either: (1) diversity of citizenship, under 28 U.S.C. § 1332; or (2) a federal question, under 28 U.S.C. § 1331. William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:2, at 2A-1 (2006).

Pursuant to statute, federal courts have subject matter jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. State-court lawsuits may only be removed to federal court if they could have been filed in federal court in the first instance. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. In other words, a federal court is only to look to the plaintiff's pleadings in order to determine whether the case is removable; it may not examine the defendant's pleadings. Self v. General Motors Corp., 588 F.2d 655, 657 (9th Cir. 1978) (citing Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908)).

There are two exceptions to the well-pleaded complaint rule. Under the complete preemption doctrine, "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987) (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)). Alternatively, even if a complaint only seeks relief under state law on its face, so long as it establishes that its "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties," then federal question jurisdiction will be present. Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 13 (1983).

"Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure." Flatwire Solutions, LLC v. Sexton, 2009 WL 5215757, at *1 (C.D. Cal.

JS - 6

LINK: 5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00064 GAF (DTBx) | Date | February 7, 2012 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Company v. Tomme Simmons II et al. | | |

Dec. 29, 2009) (citing 28 U.S.C. § 1447(c)). "Courts strictly construe the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal." Id. (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). "The party seeking removal bears the burden of establishing federal jurisdiction." Id. (citing Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." Id. (citation omitted).

**B. APPLICATION TO DEFENDANTS' NOTICE OF REMOVAL**

In their notice of removal, Defendants contend that the Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff's complaint arises under the laws of the United States, specifically the federal Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220. (Not. at 2.) It is undisputed, however, that Plaintiff's complaint does not explicitly plead a federal cause of action. Nor is there any basis for finding that Deutsche Bank engaged in artful pleading to defeat removal of a legitimate federal claim by attempting to disguise its claim as one arising under state law. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 397 n.2 (1981). "An unlawful detainer action is a true state law claim." Homesales, Inc. v. Frierson, No. CV 08-08607 MMM (FMOx), 2009 WL 365663, at *2 n.8 (C.D. Cal. Feb. 11, 2009). Numerous courts, including this one, have rejected the assertion that the PTFA creates federal jurisdiction when used to defend against an unlawful detainer action. See, e.g., Wescom Credit Union v. Dudley, 2010 WL 4916578, at *2-3 (C.D. Cal. Nov. 22, 2010); U.S. Bank Nat. Ass'n v. Chan, 2011 WL 5373778 (N.D. Cal. Nov. 4, 2011).

Therefore, removal jurisdiction is lacking, even if Defendants intend to assert a defense based exclusively on federal law. See Valles, 410 F.3d at 1075 ( "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court"); see also U.S. Nat'l Ass'n v. Almanza, No. 1:09-CV-28 AWI DLB, 2009 WL 161082, at *2 (E.D. Cal. Jan. 22, 2009) (remanding a state unlawful detainer case because "[r]elying on a defense of RESPA and/or TILA is insufficient to create a federal question").

**C. REQUEST FOR ATTORNEYS' FEES**

Plaintiff also requests an award of attorneys' fees. Pursuant to 28 U.S.C. § 1447(c), a district court has the discretion to award attorneys' fees and costs upon remand if the defendant lacked an "objectively reasonable" basis for removal. See Martin v. Franklin Capital Corp., 546

JS - 6

**LINK: 5**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00064 GAF (DTBx) | Date | February 7, 2012 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Company v. Tomme Simmons II et al. | | |

U.S. 132, 141 (2005); Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006) (upholding fee award under § 1446(c) where the removal was "frivolous"). Although the Court concludes that Defendants' removal lacked merit, it does not find that Defendants relied on the PTFA in bad faith. Accordingly, the Court **DENIES** Plaintiffs' request for attorneys' fees.

### III.  CONCLUSION

Based on the foregoing, Defendants have not established that federal subject matter jurisdiction exists. The Court therefore **REMANDS** this action to Riverside County Superior Court. Plaintiff's request for attorneys' fees is **DENIED**. The hearing presently scheduled on this motion, for February 27, 2012, is hereby **VACATED**.

**IT IS SO ORDERED.**